UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charlton Javier Dowling, ) | C/A No. 9:11-634-RMG-BM |
| Plaintiff; ) | |
| vs. ) | |
| ) | REPORT AND |
| Gregory Voigt; J. Al Cannon, Jr., Esq.; Carolina Center ) | RECOMMENDATION |
| for Occupational Health, ) | |
| Defendants. ) | |

      Plaintiff, Charlton Javier Dowling, proceeding *pro se*, brings this action *in forma pauperis* pursuant to 42 U.S.C. § 1983. At the time Plaintiff filed his complaint, he was a detainee at the Charleston County Detention Center. The complaint alleges several conditions of confinement that Plaintiff claims violated his constitutional rights, and he seeks monetary damages as well as injunctive relief.

## INITIAL REVIEW

      Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As



the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976).

Even when considered under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. Since the *pro se* complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, to protect against possible abuses of this privilege the statute allows a district court to dismiss a case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## DISCUSSION

A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). However, to state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Further, "[r]elease from prison is not a remedy available under 42 U.S.C. § 1983." *Heck v. Humphrey*, 512 U.S. 477 (1994).

Reviewing Plaintiff's claims, it is first readily apparent that Plaintiff's request for "immediate release" is subject to dismissal, both because this is not relief cognizable under § 1983



2

and because Plaintiff provided this Court with a notice of change of address on March 25, 2011, indicating that he is no longer in custody. See ECF No. 4. Additionally, Plaintiff's release from the Detention Center makes his requests for injunctive relief moot. *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir 2009)["[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."], citing *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir.2007).

Although Plaintiff may pursue a claim for monetary damages even after his release from the jail; *see Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991) (transfer rendered moot a prisoner's claims for injunctive and declaratory relief, but not claims for damages); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n. 1 (4th Cir.1986) (same); and the Complaint claims Plaintiff has been deprived of federal rights under the color of state law, the Complaint fails to allege personal involvement by the named Defendants in the alleged constitutional deprivations. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) [Plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights.]. It is well-settled that the doctrine of vicarious liability and the doctrine of respondeat superior are not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d at 927-929; *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Hence, a supervisor is not liable simply because he supervises; rather, he must be personally involved in the constitutional deprivation alleged.

The Fourth Circuit has articulated three elements required to establish supervisory liability: (1) the supervisor's "knowledge that his subordinate was engaging in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff"; (2) the



3

supervisor's response to that knowledge "so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'"; and (3) an "'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted). No such allegations are set forth in the Complaint.

The Complaint states that Plaintiff "named J. Al Cannon, Jr., Esq., because he is the Sheriff of Charleston County and I am under his custody and control." However, Plaintiff fails to allege any connection between the Sheriff and the conditions of confinement that allegedly violated his constitutional rights at the detention center. Cannon is never alleged to have been at the jail or to have committed any of the actions of which Plaintiff complains. Even if the Complaint is liberally construed to infer that Defendant Cannon, as Sheriff, has control of the detention center for purposes of Plaintiff's conditions of confinement claim, since the Complaint fails to allege the necessary facts required to establish supervisory liability, Cannon should be dismissed as a party defendant in this case.

The Complaint states that Plaintiff "named Carolina Center for Occupational Health (CCOH) because they are contracted to deal with Charleston County detention centers medical issues." However, even if the Complaint were liberally construed to establish state action by a private entity[1], the factual allegations concerning medical issues, verbatim, are as follows: 1) "I have had problems with not receiving my medication on several occasions," and 2) "[t]he detention center

---

[1] To allege action under color of state law and "implicate 42 U.S.C. § 1983, conduct must be 'fairly attributable to the State.'" *Debauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). The person being sued under § 1983 "must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *Id.*



has me see their dr. who is a general practitioner and not a specialist as my dr. is but they will not allow me to see my dr." ECF No. 1 at 3. The Complaint does not indicate any connection between Defendant CCOH and Plaintiff's failure to receive medication from Detention Center personnel or the Detention Center's not allowing him to see a medical specialist. The Complaint fails to state a claim against Defendant CCOH and this Defendant should be dismissed.

Finally, the Complaint states that Plaintiff "named Gregory Voight because he is the solicitor on my case and should know that to hold someone for all those months without an indictment is a violation of the 5th Amendment." ECF No. 1 at 3. In South Carolina, regional prosecutors, called Solicitors, are elected by voters of a judicial circuit and have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings.[2] *See Van de Kamp v. Goldstein*, - - - U.S. - - - -, 129 S.Ct. 855, 861 ( 2009)("we have held that absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant" (citations omitted)). *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Imbler v. Pachtman,* 424 U.S. 409 (1976); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Since Plaintiff sues Defendant Voigt for actions associated with the prosecution of his criminal case, he has absolute immunity insofar as his prosecutorial actions are concerned. Therefore, this Defendant should be dismissed as a party to this action.

### RECOMMENDATION

Because the Complaint fails "to state a claim on which relief may be granted;" 28

---

[2] *See* S.C. CONST. art. V, § 24; S.C. CODE ANN. § 1-7-310 (1976).



U.S.C. § 1915(e)(2)(B)(ii); it is recommended that the Court dismiss the Complaint *without prejudice* and without issuance of service of process.

_____
Bristow Marchant
United States Magistrate Judge

April 28, 2011
Charleston, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

