IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charlton Javier Dowling, | ) | Civil Action No. 9:11-cv-634-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| J. Al Cannon, Jr., Esq., et. al. | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

Plaintiff, Charlton Javier Dowling, proceeding *pro se*, brings this action *in forma pauperis* pursuant to 42 U.S.C. § 1983. At the time Plaintiff filed his complaint, he was a detainee at the Charleston County Detention Center. The complaint alleges several conditions of confinement that Plaintiff claims violated his constitutional rights, and he seeks monetary damages as well as injunctive relief. As a result, this matter was referred to a Magistrate Judge for pre-trial proceedings. The Magistrate Judge has made a report and recommendation that this matter be dismissed without prejudice to allow Plaintiff's criminal trial to proceed. The Plaintiff has failed to object. After a review for errors of law, this Court adopts the recommendation of the Magistrate Judge.

## Analysis

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the

1

9:11-cv-00634-RMG    Date Filed 05/31/11    Entry Number 14    Page 2 of 4

findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*    In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Plaintiff's request for "immediate release" is subject to dismissal because a 1983 action is not the proper form for such relief and Plaintiff is no longer in custody as of the date of this Order. Thus, because of Plaintiff's release from the Detention Center his requests for injunctive relief are moot. *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.").

The Complaint fails to allege personal involvement by the named Defendants in the alleged constitutional deprivations. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (Plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights.). It is well-settled that the doctrine of vicarious liability and the doctrine of respondeat superior are not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d at 927-929; *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Hence, a supervisor is not liable simply because he supervises; rather, he must be personally involved in the constitutional deprivation alleged. To establish such a claim, a claimant must show (1) the supervisor's "knowledge that his subordinate was engaging in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the

plaintiff"; (2) the supervisor's response to that knowledge "so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'"; and (3) an "'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted). No such allegations are set forth in the Complaint and Plaintiff's claims fail.

Here, the Complaint names Defendant Cannon but fails to allege that Cannon has been at the jail or committed any of the actions of which Plaintiff complains. Even if the Complaint is liberally construed to infer that Defendant Cannon, as Sheriff, has control of the detention center for purposes of Plaintiff's conditions of confinement claim, since the Complaint fails to allege the necessary facts required to establish supervisory liability, Cannon is dismissed. The Complaint also names Carolina Center for Occupational Health (CCOH) because they are contracted to deal with Charleston County detention centers medical issues. But the Complaint does not indicate any connection between Defendant CCOH and Plaintiff's failure to receive medication from Detention Center personnel or the Detention Center's not allowing him to see a medical specialist. Thus, any claim against it fails as well.

Finally, the Complaint named Gregory Voight. However, in South Carolina, regional prosecutors, called Solicitors, are elected by voters of a judicial circuit and have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Van de Kamp v. Goldstein*, - - - U.S. - - - -, 129 S.Ct. 855, 861 (2009) ("we have held that absolute immunity applies when a prosecutor prepares to

initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant" (citations omitted)). *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Since Plaintiff sues Defendant Voigt for actions associated with the prosecution of his criminal case, he has absolute immunity insofar as his prosecutorial actions are concerned and he is dismissed from this action.

## Conclusion

Based on the above, this Court dismisses the above-captioned action without prejudice and without issuance of process.

**AND IT IS SO ORDERED**.

Richard Mark Gergel
United States District Court Judge

May 3 1 2011
Charleston, South Carolina

4